OPINION
{¶ 1} The Northwood Home Owners Association appeals two judgments of the Court of Common Pleas of Muskingum County, Ohio, which affirmed the decisions of the Board of Zoning Appeals of the City of Zanesville. Appellants assigns two errors to the common pleas court:
 {¶ 2} "I. THE TRIAL COURT'S DECISION THAT THE ZANESVILLE BOARD OF ZONING APPEALS' INTERPRETATION OF ORDINANCE 90-19 WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE WAS ERRONEOUS AS A MATTER OF LAW.
 {¶ 3} "II. THE TRIAL COURT'S DECISION NOT TO APPLY THE BEST EVIDENCE RULE WAS INCORRECT AS A MATTER OF LAW."
 {¶ 4} The Northwood Home Owners Association is a residential community in Zanesville, Muskingum County, Ohio. It appeals from two separate determinations of the Board of Zoning Appeals with different procedural postures. Both of these appeals deal with the zoning of a parcel of land of approximately 10.5 acres, adjacent to the Northwood properties. Appellee The Genesis Health System owns the property, and also owns and operates a hospital facility known as the Bethesda Campus. From 1973 to 1990, the property was zoned RM-2, high density multi-family use. In 1990, the City of Zanesville enacted comprehensive zoning for the entire city, and adopted a new zoning district map. The issue is whether the subject property was rezoned O-2, office park, a commercial zoning designation, in 1990.
 {¶ 5} In the first appeal, appellant brought the matter before the Planning Commission, arguing the zoning map showing the change was incorrect, and asking the *Page 3 
Planning Commission to modify it. The Planning Commission reviewed the matter, and decided to make no recommendation to City Council to modify the zoning or change the map.
 {¶ 6} Appellant then appealed the matter to the Board of Zoning Appeals. Section 1105.13 of the zoning ordinances provides the Board of Zoning Appeals may only reverse a decision of the Planning Commission if it was (1) arbitrary or capricious; (2) was based on an erroneous finding of a material fact; (3) constituted an abuse of discretion; or (4) was based on an erroneous interpretation of the Zanesville Zoning Code or zoning law. The Board of Zoning Appeals denied the appeal, finding the Planning Commission's decision did not meet the criteria under which the Board could reverse it. From this decision, appellant appealed to the Common Pleas Court.
 {¶ 7} In the second case, appellant brought the matter directly before the Board of Zoning Appeals, asking it to interpret the zoning map which showed the zoning change. The Board of Zoning Appeals found the subject properties are zoned O-2, office park. Appellant appealed this decision to the Court of Common Pleas.
 {¶ 8} The trial court's judgment entry of March 30, 2007 states it reviewed the minutes of the Planning Commission meetings, and determined the Commission only examined the current zoning of the parcel, and not the 1990 zoning process or the 1990 ordinance enactment. The court found appellant had failed to put forth any evidence before the Planning Commission indicating the current zoning required a change, and for this reason, the Planning Commission correctly decided to make no recommendation it be changed. *Page 4 
 {¶ 9} Addressing the second appeal, the court found the city offered a map, along with supporting evidence, indicating the map for 1990 which showed the zoning change from RM-2 to O-2 was accurate. The court found appellant presented the testimony of Don Mason, who was the Mayor of Zanesville in 1990, and Robert Guentter, who was the Associate Planner for the City in 1990. Neither could identify the map offered by the City as correct, and neither recalled the zoning of the subject parcel had been changed in 1990.
 {¶ 10} The trial court found neither of the Board of Zoning Appeals' decisions was arbitrary or capricious and both were supported by a preponderance of substantial, reliable, and probative evidence. The court affirmed both decisions of the Board of Zoning Appeals.
 {¶ 11} In Henley v. City of Youngstown Board of Zoning Appeals,90 Ohio St.3d 142, 735 N.E.2d 433, 2000-Ohio-493, the Ohio Supreme Court explained: "[c]onstruing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. SeeSmith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612,693 N.E.2d 219, 223, citing Dudukovich v. Lorain Metro. Hous. Auth.
(1979), 58 Ohio St.2d 202, 206-207, 12 O.O.3d 198, 201-202,389 N.E.2d 1113, 1116-1117. *Page 5 
 {¶ 12} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is `more limited in scope.' (Emphasis sic.)Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 30,465 N.E.2d 848, 852. This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court.' Id. at fn. 4. `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' Lorain CitySchool Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267." Henley at 147.
 {¶ 13} Appellate review, therefore, is properly limited to determining whether, as a matter of law, the decision of the court of common pleas is supported by a preponderance of reliable, probative, and substantial evidence. Additionally, "`[w]ithin the ambit of "questions of law" for appellate court review would be abuse of discretion by the common pleas court.' "Id. at 148, 735 N.E.2d 433, citing Kisil, at 34. The Supreme Court has frequently defined the term "abuse of discretion" as implying the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g. Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217 at 219. *Page 6 
 I. {¶ 14} Appellant's first assignment of error argues the decision of the trial court was erroneous as a matter of law.
 {¶ 15} In the first appeal, the court of common pleas found appellant had not presented any evidence upon which the Planning Commission could recommend the zoning be changed. In the second appeal, essentially, both parties submitted evidence on the accuracy and authenticity of the 1990 zoning map, and the fact finder found appellees' evidence more persuasive. We have reviewed the record, and we find, based on our limited standard of review, the court of common pleas did not err as a matter of law, nor did it abuse its discretion, when it affirmed the decisions of the Board of Zoning Appeals.
 {¶ 16} The first assignment of error is overruled.
 II. {¶ 17} In its second assignment of error, appellants argue the trial court erred as a matter of law in not applying the best evidence rule to the question of the accuracy of the zoning map. The "best evidence rule" provides, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules * * *." Evid.R. 1002. The "best evidence rule" rests on the fact that an original writing is more reliable, complete and accurate as to its contents and meaning, seeUnited States v. Holton (C.A.D.C.1997), 116 F.3d 1536, 1545. The original is not required, and other evidence is admissible, if: 1) All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; 2) The original is not obtainable; 3) The original is in possession of the *Page 7 
opponent; or 4) The writing, recording, or photograph is not closely related to a controlling issue, Evid. R. 1004.
 {¶ 18} Basically, appellant argues the map which was or should have been attached to the 1990 zoning ordinances was lost and not published as a part of Ordinance 90-19, so the court should have accepted the testimony of the former mayor and the former city zoning administrator who did not recall any change in the zoning of the property in question. Again, the issue essentially is whether or not the map presented by the city was accurate. The fact finder determined it was accurate, based on the evidence presented by the city. The trial court's decision does not violate the best evidence rule.
 {¶ 19} We find the trial court did not err as a matter of law or abuse its discretion in affirming the decisions of the Board of Zoning Appeals. Accordingly, the second assignment of error is overruled. *Page 8 
 {¶ 20} For the foregoing reasons, the judgments of the Court of Common Pleas of Muskingum County, Ohio, are affirmed.
By Gwin, P.J., Hoffman, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas of Muskingum County, Ohio, are affirmed. Costs to appellants. *Page 1